**Edward HORAN, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant–Appellee.**

No. 09–0009–cv.

United States Court of Appeals, Second Circuit.

Oct. 2, 2009.

Christopher James Bowes, Shoreham, NY, for Plaintiff–Appellant.

Vincent Lipari (Kathleen A. Mahoney, Varuni Nelson, of counsel), Assistant United States Attorneys, for Benton J. Campbell, United States Attorney for the Eastern District of New York, Central Islip, NY, for Defendant–Appellee.

Present: JON O. NEWMAN, WALKER, and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Edward Horan appeals from a judgment of the district court (Spatt, *J.*) entered November 4,

2008, granting defendant-appellee's motion for judgment on the pleadings and affirming the August 24, 2006 decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Social Security Disability benefits. We assume the parties' familiarity with the facts and procedural history of the case.

In reviewing the denial of Social Security benefits by the Commissioner, we focus not on the district court's decision but on the administrative ruling. In so doing, "we set aside an ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (internal quotation marks omitted) (alterations omitted). Substantial evidence, is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir.1996) (internal quotation marks omitted).

■ In this case, the ALJ's credibility finding is not supported by substantial evidence and is the product of legal error. The ALJ's adverse credibility determination was based in part on testimony that Horan did not give and an inconsistency that did not exist. According to the ALJ:

> The claimant testified that he can shower, dress, tie a bow, visit friends and family, put on a coat, button, zip, pull a blouse overhead, cook, open envelopes, open doors and drawers, drive, shop, hold a cup of coffee, eat with a knife and fork, go up and down stairs, and squeeze toothpaste on a toothbrush. In Exhibit 7E, the claimant stated that he takes his son to and from school, and can take out light garbage. He also indicated that he wears a neck and back brace, but wasn't using either at the hearing. The claimant stated that medication helps a little

bit, but according to Dr. Weissman, injections did not help. Thus, the claimant's testimony was not fully credible. The claimant was able to dress and undress, get on and off the examining table, and able to drive his son to and from school.

Much of this is incorrect. Horan actually testified that he has difficulty climbing stairs, and moved to an apartment on the ground floor for that reason; he can dress himself only some days, and some days his son has to help him; he cannot put a blouse over his head and usually needs help putting a t-shirt over his head; he cannot cook or shop for groceries, although he sometimes walks up to the store to get a newspaper; he cannot drive; and he does not go to see friends or relatives. There was no testimony as to whether Horan could squeeze toothpaste onto a toothbrush.

As to exhibit 7E, Horan's application for social security benefits stated that sometimes he took his younger son to school, and Horan testified that when the application was written (more than two years before the hearing), he sometimes took his son to school by getting a friend to drive him. The application also stated that Horan sometimes wore a neck and back brace, and Horan testified that he had a back brace but it did not fit him anymore because he had gained weight, and he had a soft neck collar that he used sometimes. The application therefore does not support the ALJ's adverse credibility determination.

As to the purported inconsistency between Horan's testimony and Dr. Weissman's report, Horan testified that the medicines and trigger point injections did not help much, but made his pain a little bit more bearable, whereas Dr. Weissman did not say that the trigger point injections did not help. Therefore, the inconsistency

upon which the ALJ relied does not exist. Because the ALJ's credibility determination was based largely on these factual errors, we cannot say that it is supported by substantial evidence. *See Pratts*, 94 F.3d at 37–38 (finding substantial evidence did not support the ALJ's decision where, *inter alia*, the ALJ made several factual errors in evaluating the medical evidence).

 Moreover, "[a] claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir.1983). *See also Singletary v. Sec'y of Health, Educ. & Welfare*, 623 F.2d 217, 219 (2d Cir.1980) ("[A] life history of hard labor performed under demanding conditions over long hours . . . . justifies the inference that when [claimant] stopped working he did so for the reasons testified to."). The ALJ therefore erred in failing to consider Horan's twenty-five year work history.

Because the ALJ committed legal error in failing to consider Horan's work history, and because the ALJ's credibility determination was based on a number of factual errors, we **REVERSE** the judgment of the district court and **REMAND** the case to the district court with instructions to **VACATE** the August 24, 2006 decision of the Commissioner and **REMAND** the case for further administrative proceedings consistent with this opinion.